UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RYAN PATRICK RUCKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:21-cv-00245-JPH-MG |
| | ) |
| FRANK VANIHEL, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION TO COMPEL PAYMENT, DISMISSING PETITION, AND DIRECTING FINAL JUDGMENT**

Indiana Department of Correction ("IDOC") inmate Ryan Patrick Rucker petitions for a writ of habeas corpus challenging his prison disciplinary conviction in disciplinary case number WVD 21-03-0135 on April 13, 2021. Dkt. 2. In this order, the Court addresses Mr. Rucker's payment of the filing fee and screens his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### I. Motion to Compel Payment

On July 20, 2021, the Court received Mr. Rucker's payment of the $5.00 filing fee. *See* dkt. 6. Because Mr. Rucker has paid the full filing fee, his motion to compel the IDOC to send payment, dkt. [4], is **denied as moot**.

### II. Dismissal of Petition

Mr. Rucker's petition indicates that he was punished in WVD 21-03-0135 with a written reprimand and the loss of participation in a time-cut program. Neither sanction gives this Court jurisdiction to review his disciplinary conviction.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United

1

States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). In order to be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

To the extent that Mr. Rucker argues that his custody has been affected because he lost the ability to participate in a "time-cut program" that would allow him to earn credit toward his release date, this argument fails. Prisoners have no due process protections against actions "that merely *might* affect the duration of the sentence." *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)). Due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence," and it has been recognized that "the successful completion of a program is not inevitable." *See Sandin*, 515 U.S. at 487; *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("deprivation of the opportunity to earn good time credits . . . is not a constitutional violation").

Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." That is the case here. Mr. Rucker's "custody" was not affected under § 2254 as a result of the disciplinary case.

### III. Conclusion

Mr. Rucker's motion to compel payment, dkt. [4], is **denied as moot**.

Because Mr. Rucker's habeas petition shows that he is not entitled to the relief he seeks, his petition is **dismissed pursuant to Rule 4 for lack of jurisdiction**. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RYAN PATRICK RUCKER
189843
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only